SOHN MANUFACTURING INC. and Secura Insurance,
Plaintiffs-Appellants,†

v.

LABOR AND INDUSTRY REVIEW COMMISSION and Tanya
Wetor, Defendants-Respondents.

Court of Appeals

*No. 2012AP2566. Submitted on briefs June 26, 2013.
—Decided August 7, 2013.*

2013 WI App 112

(Also reported in 838 N.W.2d 131.)

† Petition for Review filed 10-2-13

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Denise Greathouse* and *Charles B. Palmer* of *Michael Best & Friedrich, LLP*, Waukesha.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Steven C. Kilpatrick*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J.    Wisconsin's safe place statute establishes a general duty for all employers to furnish a safe place of employment for all employees. WIS. STAT. § 101.11 (2011–12).[1] A violation of a federal workplace safety regulation may demonstrate a violation of this duty. When an employer fails in its duty to comply with a safety statute and an employee is injured as a result, WIS. STAT. § 102.57 allows for the award of a penalty payment to the injured employee.

¶ 2.    This case involves an employee, Tanya Wetor, who was awarded increased compensation after she was injured on the job as a result of Sohn Manufacturing Inc.'s failure to comply with a federal safety regulation. Sohn[2] objects to the additional award, arguing that WIS. STAT. § 102.57 has been preempted by federal law and,

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

[2] For ease of discussion, we refer to both appellants in the context of these legal proceedings as "Sohn."

471

alternatively, that § 102.57 does not authorize additional compensation for violations of a federal workplace safety regulation or the safe place statute. We disagree and affirm.

## BACKGROUND

¶ 3.   Wetor was employed by Sohn when she was injured on the job. Wetor was cleaning one of Sohn's machines when her hand was pulled into the machine, causing severe injuries. Sohn's practice at the time of the accident was to have employees clean the machines while they were running. A state investigation into Wetor's accident concluded that Sohn had not complied with an Occupational Safety and Health Administration standard related to safe shut-down procedures when servicing machines (the OSHA standard) and WIS. STAT. § 101.11, the safe place statute.

¶ 4.   The only issue at Wetor's worker's compensation hearing was whether Sohn was liable for a penalty payment under WIS. STAT. § 102.57, which provides an extra fifteen percent of the damages award, capped at $15,000, when employees' workplace injuries are caused by their employers' safety violations. An administrative law judge (ALJ) found that Wetor's injury was caused by Sohn's violations of the OSHA standard and the safe place statute and ordered Sohn to pay an additional fifteen percent to Wetor. Sohn appealed the ALJ's decision to the Labor and Industry Review Commission (LIRC), which affirmed the ALJ's decision and adopted the ALJ's findings and order as its own. The circuit court affirmed LIRC. Sohn now appeals the circuit court's order.

## STANDARD OF REVIEW

¶ 5.   In appeals following administrative agency decisions, we review the agency's decision and not that of the circuit court. *M.M. Schranz Roofing, Inc. v. First Choice Temp.*, 2012 WI App 9, ¶ 6, 338 Wis. 2d 420, 809 N.W.2d 880 (2011). Both Sohn and LIRC agree that our review in this case is de novo.

## DISCUSSION

¶ 6.   Sohn raises two arguments:   (1) that federal law preempts LIRC's ability to award payments under WIS. STAT. § 102.57 and (2) that violations of the safe place statute and of federal regulations may not form the basis for an increased compensation award under § 102.57.

### WISCONSIN STAT. § 102.57
### *Is Not Preempted by Federal Law*

¶ 7.   Sohn contends that WIS. STAT. § 102.57 is preempted by the federal Occupational Safety and Health Act (OSH Act). States are presumed to have jurisdiction over local interests, and the party claiming preemption must demonstrate a "clear and manifest" intent to overcome this presumption. *State ex rel. Cornellier v. Black*, 144 Wis. 2d 745, 752–53, 425 N.W.2d 21 (Ct. App. 1988). The intent to preempt may be shown by an explicit statement of Congress, a federal statutory or regulatory scheme that shows intent to occupy the field, or conflict between the operation of state and federal laws. *M&I Marshall & Ilsley Bank v. Guaranty Fin., MHC*, 2011 WI App 82, ¶ 23, 334 Wis. 2d 173, 800 N.W.2d 476.

¶ 8. Contrary to Sohn's argument, Congress explicitly preserved worker's compensation laws from preemption through a saving clause in the OSH Act. That clause reads:

> Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.

29 U.S.C. § 653(b)(4) (2012). The penalty award found in WIS. STAT. § 102.57 was in force when Congress enacted the OSH Act, and Congress has not placed any express limitation on Wisconsin's worker's compensation laws. *See Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 183–85 (1988).

¶ 9. Despite the saving clause, Sohn argues that the OSH Act preempts states' attempts to regulate private employers in any area for which there exists a federal workplace safety regulation, unless the state has been authorized to regulate by the federal government. *See* 29 U.S.C. § 667(b). Sohn contends that WIS. STAT. § 102.57 is such an attempt to regulate in an area that Wisconsin has not been authorized to regulate. To make its argument work, Sohn postulates that § 102.57 constitutes "enforcement" of federal workplace safety regulations and the OSH Act. We disagree as § 102.57 is not an enforcement statute but rather a worker's compensation law "with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment." 29 U.S.C. § 653(b)(4). Sohn has not over-

come the presumption that the OSH Act permits states to increase worker's compensation awards due to workplace safety violations.

*Violations of the Safe Place Statute May Form the Basis for an Increased Worker's Compensation Award Under Wis. Stat. § 102.57*

¶ 10.    Sohn alternatively argues that LIRC did not have authority to award increased compensation under Wis. Stat. § 102.57 given the facts of this case. Sohn thus challenges LIRC's interpretation of § 102.57. We analyze Sohn's argument beginning with the language of § 102.57, giving the words employed by the legislature their common, ordinary, and accepted meanings. *See State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We read the statutory language to give reasonable effect to every word and to avoid absurd or unreasonable results. *Id.*, ¶ 46.

¶ 11.    Wisconsin Stat. § 102.57 provides:

> If injury is caused by the failure of the employer to comply with any statute, rule, or order of the department, compensation and death benefits provided in this [worker's compensation] chapter shall be increased 15% but the total increase may not exceed $15,000. Failure of an employer reasonably to enforce compliance by employees with any statute, rule, or order of the department constitutes failure by the employer to comply with that statute, rule, or order.

Sohn contends that the language of § 102.57 permits increased compensation only when an employer has violated a statute, rule, or order pertaining to the department of workforce development (i.e., a "statute . . . of the department"). As LIRC relied upon Sohn's

violation of the safe place statute[3]—which is not a statute "of the" department of workforce development —Sohn argues LIRC was not authorized to increase Wetor's compensation award.

¶ 12.   We disagree with Sohn's reading of WIS. STAT. § 102.57. Statutes are not "of" departments of the state. The reasonable reading of § 102.57 is that "of the department" modifies "order" and not "statute." The only word that modifies "statute" in the disputed portion of § 102.57 is the word "any." Section 102.57 allows an ALJ to increase worker's compensation benefits if it finds that the employer failed to comply with any statute. In this case, Sohn failed to comply with the safe place statute, WIS. STAT. § 101.11.

¶ 13.   Sohn also relies on the language of WIS. STAT. § 102.57 to challenge the use of Sohn's violation of the OSHA standard to support an increased compensation benefit. Sohn argues that as the OSHA standard is not "a statute, rule, or order of the department," it cannot be used to justify increased compensation under § 102.57. We reject Sohn's argument as it mischaracter-

---

[3] The safe place statute provides, in relevant part:

> Every employer shall furnish employment which shall be safe for the employees therein and shall furnish a place of employment which shall be safe for employees therein and for frequenters thereof and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters.

WIS. STAT. § 101.11(1).

izes the role that the OSHA standard played in LIRC's determination. Contrary to Sohn's assertion, LIRC did not rely on Sohn's violation of the OSHA standard to establish that Sohn had failed "to comply with any statute, rule, or order of the department." Sohn's violation of the OSHA standard was evidence that Sohn violated Wisconsin's safe place statute, WIS. STAT. § 101.11, which we already have found forms a lawful basis for an increased worker's compensation award.

*By the Court.*—Order affirmed.